UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PAUL THOMAS,

                        Plaintiff,             **REPORT & RECOMMENDATION**
                                               **17 CV 6084 (FB)(LB)**

       -against-

GOOD VISION TASTE INC. d/b/a SIGNATURE
RESTAURANT, FALADA LOUNGE,
VLADISLAV YUSUFOVA, and DIANA
YUSUFOVA,

                        Defendants.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff Paul Thomas ("Thomas") brings this civil action against defendants Good Vision

Taste, Inc. doing business as Signature Restaurant (hereinafter "Good Vision"), Falada Lounge

("Falada"), Vladislav Yusufova ("Valdislav"), and Diana Yusufova ("Diana") (collectively,

"defendants") alleging that defendants violated his rights under the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et. seq.* ("FLSA") and the New York Labor Law, Art. 6, §§ 190-99, and Art. 19, §§

650-65 (collectively "NYLL").  Despite proper service of the summons and complaint, defendants

have failed to plead or otherwise defend this action.  Plaintiff now moves for a default judgment

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against all defendants.  The

Honorable Frederic Block referred plaintiff's motion for a default judgment to me for a Report and

Recommendation in accordance with 28 U.S.C. § 636(b).  For the reasons set forth below, it is

respectfully recommended that plaintiff's motion should be granted in part and denied in part and

that a default judgment should be entered against defendants in the total amount of $101,019.43.

# BACKGROUND[1]

Good Vision is a New York corporation doing business as Signature Restaurant ("Signature"). <u>See</u> Plaintiff's Complaint ("Complaint") ¶ 10.  Good Vision operates Signature, a restaurant located at 2007 Emmons Avenue in Brooklyn, New York. <u>Id.</u>  Good Vision also operates Falada, a bar located at 2011 Emmons Avenue in Brooklyn, New York. <u>Id.</u> ¶ 11.  Plaintiff alleges that defendants Valadislav and Diana are each an "owner and operator" of Signature and Falada. <u>Id.</u> ¶¶ 15, 16.

Plaintiff alleges that defendants employed him as a sous chef from July 23, 2013 to February 12, 2017. <u>Id.</u> ¶ 20.  Plaintiff "worked in the kitchen that provided meals" in both Signature and Falada. <u>Id.</u> ¶ 22.  Throughout his employment, plaintiff worked six days a week. <u>Id.</u> ¶ 28. Plaintiff alleges that he worked 12 hours per workday for a total of 72 hours per week. <u>Id.</u>  Plaintiff alleges that he was paid a flat weekly salary of $900. <u>Id.</u>  Plaintiff alleges that defendants failed to pay him an overtime premium throughout his employment. <u>Id.</u> ¶ 33.  Furthermore, plaintiff alleges that defendants failed to pay him for two seven-day trips to Jamaica "because he was not working in the restaurant while he was away."[2] <u>Id.</u> ¶ 34. Finally, plaintiff claims that defendants failed to pay him spread of hours compensation and failed to provide pay statements or written notice regarding his rate of pay.

---

[1] The facts are drawn from the uncontested allegations in plaintiff's complaint, and are taken as true for the purpose of deciding this motion. <u>See</u> <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F. 3d 105, 108 (2d Cir. 1997) (deeming well-pleaded allegations in complaint admitted on motion for a default judgment).

[2] Plaintiff's motion for a default judgment does not address this allegation nor does it request damages relating to plaintiff's vacation time.  Even if plaintiff pursued such a claim, the claim would fail as "[u]nder FLSA, '[e]mployees do not have a statutory entitlement to accrued vacation pay.'" <u>Arjumand v. Laguardia Assocs., L.P.</u>, No. 14 CV 4618 (WFK), 2015 WL 1470470, at *5 (E.D.N.Y. Mar. 30, 2015) (quoting <u>Isaacs v. Cent. Parking Sys. of N.Y., Inc.</u>, No. 10 CV 5636 (ENV), 2012 WL 957494, at *6 (E.D.N.Y. Feb.27, 2012)); <u>see also</u> <u>Sosnowy v. A. Perri Farms, Inc.</u>, 764 F. Supp. 2d 457, 475 (E.D.N.Y. 2011) ("It is axiomatic that an employee has no inherent right to paid vacation and sick days, or payment for unused vacation and sick days, in the absence of an agreement, either express or implied.").

## PROCEDURAL HISTORY

On October 18, 2017, plaintiff commenced this action alleging that defendants violated the FLSA and the NYLL. See Complaint.

On October 23, 2017, defendants were served with the summons and complaint. ECF No. 5. Defendants failed to respond to the complaint.  On December 15, 2017, the Clerk of the Court noted entry of each defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Clerk's Entry of Default, ECF No. 8.  On February 19, 2018, plaintiff moved for a default judgment pursuant to Rule 55(b)(2). ECF No. 9.  Plaintiff's motion includes plaintiff's counsel Grace Hyun's declaration ("Hyun Declaration"), ECF No. 10, as well as plaintiff's declaration ("Thomas Declaration"), ECF No. 10-5.  Plaintiff also submits an excel spreadsheet detailing his damages, ECF No. 10-6, and a table listing counsel's contemporaneous time records, ECF No. 10-7.

## DISCUSSION

### I.      Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993).  "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118

(E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")). On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc., 109 F.3d at 108. In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (quoting Leider v. Ralfe, No. 01 CV 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. Id. (citation omitted). The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages. See Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111.

## II. Liability

The FLSA provides that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [s]he is employed.

29 U.S.C. § 207(a)(1). "To succeed on a FLSA overtime claim, plaintiff must show that: (1) he was an employee who was eligible for overtime (not exempt from the Act's overtime pay

requirements); and (2) that he actually worked overtime hours for which he was not compensated." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) (citation omitted). The FLSA contains several exemptions from its overtime requirement, but "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974).

In addition to the FLSA, plaintiff also seeks relief under the NYLL. With regard to state overtime wage claims, "the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA," and thus the Court may analyze plaintiff's FLSA and NYLL claims in tandem. Hosking, 602 F. Supp. 2d at 447 (internal quotation marks, alteration, and citation omitted); see also 12 N.Y.C.R.R. § 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . .").

Plaintiff alleges that Good Vision is involved in interstate commerce and had gross sales exceeding $500,000. Complaint ¶¶ 17-19. Additionally, plaintiff claims that his employment by Good Vision was covered by the FLSA and the NYLL. Id.; see 29 U.S.C. § 203(s)(1)(A)(ii) (requiring gross revenues exceeding $500,000); N.Y. Labor Law § 651(5) (defining "employee"). Plaintiff alleges that he worked in excess of forty hours each week, and that defendants willfully and intentionally failed to pay him overtime and spread of hours pay. Complaint ¶¶ 27, 31-32. These allegations, accepted as true, establish Good Vision's liability under the FLSA and the NYLL. See 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. §§ 142-2.2, 142-2.4.

Additionally, plaintiff's complaint establishes the individual defendants' liability. Plaintiff alleges that Diana and Vladislav were the owners and operators of Falada Lounge and Signature. Complaint ¶¶ 15, 16. In addition, plaintiff alleges that Diana and Vladislav "had the power to hire and fire [plaintiff], control[ed] [the] terms and conditions of employment, and determine[d] the

5

rate and methods of [] compensation." Thomas Declaration ¶ 7. These factual allegations, accepted as true, establish each individual defendant's liability under both the FLSA and the NYLL. See Irizarry v. Catsimatidis, 722 F.3d 99, 110-11 (2d Cir. 2013) (requiring that an individual exercise "operational control" to impose individual liability under the FLSA).

### III.    Damages

It is well established that a default, is "deemed to constitute a concession of all well[-]pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted); see also Credit Lyonnais Secs. (USA), Inc. v. Alcantra, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint, with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Chanel, Inc. v. Jean-Louis, No. 06 CV 5924 (ARR) (JO), 2009 WL 4639674, at *4 (E.D.N.Y. Dec. 7, 2009) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

"Under the FLSA, an employee seeking to recover unpaid minimum wages or overtime 'has the burden of proving that he performed work for which he was not properly compensated.'" Jiao v. Chen, No. 03 Civ. 0165 (DF), 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). "When an employer fails to comply with the FLSA's record-keeping requirements, however, . . . [t]he plaintiff is able to meet

6

his initial burden under the statute by relying on his recollection alone." Id. at **8–9 (citations omitted); see also Rodriguez v. Queens Convenience Deli Corp., No. 09 CV 1089 (KAM) (SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) ("[A] plaintiff may meet his or her burden of establishing how many hours he or she worked by relying solely on his or her recollection." (internal quotation and citation omitted)).   A sworn declaration from plaintiff may provide a sufficient basis for the Court to determine damages. Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012) ("An affidavit that sets forth the number of hours worked is sufficient.").

Here, plaintiff submits a sworn declaration, ECF No. 10-5, which the Court may rely on to determine his damages.

### A.   Unpaid Overtime Premiums Under the FLSA and NYLL

Plaintiff seeks recovery of unpaid overtime wages for work he performed between July 2013 and February 2017.  Plaintiff may recover unpaid compensation under the FLSA and the NYLL, but when the statutory periods of the FLSA and the NYLL overlap, plaintiff cannot recover "for those unpaid wages under both statutes, because doing so would provide a double recovery." Janus v. Regalis Const., Inc., No. 11 CV 5788 (ARR) (VVP), 2012 WL 3878113, at *7 (E.D.N.Y. July 23, 2012); see also Maldonado, 2012 WL 1669341, at *5 (explaining that a plaintiff may not simultaneously recover under both statutes for the same injury).  FLSA claims are limited to unpaid wages that accrued within the two years prior to the commencement of the lawsuit, or three years for willful violations. See 29 U.S.C. § 255(a).  Here, plaintiff alleges that defendants willfully violated the FLSA. Hyun Declaration ¶¶ 52-54. Accordingly, the Court applies the three-year limitations period to plaintiff's FLSA claim. See Vinas v. Pullini Subsurface Contractors, Inc., No. 11 CV 2765 (FB) (LB), 2012 WL 6641662, at *4 (E.D.N.Y. Oct. 5, 2012) adopted by 2012 WL

6633929 (E.D.N.Y. Dec. 20, 2012) ("The court deems [willfulness] admitted given defendant's default."). There is a six year statute of limitations for a violation of the NYLL. See N.Y. Lab. Law § 663(3). Plaintiff filed this action on October 18, 2017. Accordingly, plaintiff is entitled to unpaid overtime wages under the FLSA and the NYLL for work he performed between July 2013 and February 2017.

Plaintiff's overtime rate is one and a half times his regular hourly rate of pay. See C.F.R. § 778.113(a) ("If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate."); see also Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d. 327, 338 (S.D.N.Y. 2005) (applying C.F.R. § 778.113 to calculate overtime damages by dividing weekly compensation by total number of hours worked in a given week). Here, plaintiff's regular rate of pay was $12.50 per hour and his overtime rate was $18.75 per hour.[3] See Complaint ¶ 28; see also Hyun Declaration ¶ 45.

Plaintiff may recover unpaid overtime wages for work performed between July 23, 2013 and February 12, 2017. Accordingly, with an overtime premium of $6.25 per hour, plaintiff is owed $37,200 in unpaid overtime wages.[4]

### B. Spread-of-Hours Damages

Plaintiff also seeks recovery under the NYLL for spread-of-hours. "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which the spread of hours exceeds 10 hours . . . ." 12 NYCRR § 142-

---

[3] Throughout his employment by defendants, plaintiff was compensated $900 for 72 hours of work per week. Accordingly, plaintiff's hourly rate was $12.50 throughout his employment.
[4] Plaintiff accrued 32 hours of overtime per week for a period of 186 weeks. Those hours multiplied by $6.25 equals $37,200. Plaintiff's damages chart, ECF No. 10-6, besides being unnecessarily confusing, incorrectly calculates the number of weeks plaintiff worked from December 31, 2016 to February 12, 2017. Id. (listing 29 weeks instead of 7 weeks). As a result, plaintiff mistakenly requests $41,600 in overtime damages.

2.4; see also Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 45 (E.D.N.Y. 2015) (A spread-of-hours claim entitles an employee "to recover compensation for an extra hour of work at the minimum wage for each day that the employee work[ed] in excess of ten hours."). The New York Department of Labor's interpretation of the statute limits the availability of spread of hours premiums to employees whose regular pay rate is less than or equal to the minimum wage. N.Y.S. Dep't of Labor March 16, 2007 Opinion Letter at 1, File No. RO-07-0009, http://labor.ny.gov/legal/counsel/pdf/Minimum%20Wage%20Orders/RO-07-0009A.pdf (visited Apr. 16, 2018); see Fermin, 93 F. Supp. 3d at 45 ("[A] limitation upon a plaintiff's eligibility to recover for spread-of-hours is that the plaintiff not earn more than the minimum wage.") (citing Guadalupe v. Tri-State Emp't Mgmt. & Consulting Inc., No. 10 CV 3840 (NG) (CLP), 2013 WL 4547242, at *12-13 (E.D.N.Y. Aug. 2, 2013)); see also Juarez-Cardoso v. La Flor de Santa Ines, Inc., No. 15 CV 6671 (VMS), 2017 WL 4357009, at *18 (E.D.N.Y. Sept. 29, 2017) ("The Court, having already determined that Plaintiff earned above the New York statutory minimum wage, finds that she was not entitled to spread-of-hours pay").  "The Second Circuit has not yet addressed this issue definitively, but the majority rule in the Eastern and Southern Districts appears to be that employees who earn more than the minimum wage are not entitled to spread-of-hours compensation." Ramos v. Telgian Corp., 176 F. Supp. 181, 202 (E.D.N.Y. 2016).

Here, the Court follows the majority rule by adopting the Department of Labor's interpretation regarding the availability of the spread of hours premium.  Accordingly, because plaintiff was paid a regular rate above minimum wage of $12.50 per hour throughout his employment, plaintiff's request to recover spread-of-hours pay should be denied.[5]

---

[5] The minimum wage under state law ranged between $8.00 per hour and $9.70 per hour throughout plaintiff's employment. See N.Y. Labor Law § 652(1).

### C.  Liquidated Damages

Plaintiff seeks liquidated damages for the entire period of his employment under both the FLSA and the NYLL.   Under the FLSA, an employer is liable, after violating overtime compensation law, for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Additionally, liquidated damages under the NYLL are calculated as 100% of the total amount of underpayments due to the employee. N.Y. Lab. Law § 663(1).  However, plaintiff should not recover liquidated damages under both the FLSA and the NYLL, but instead, should recover under whichever statute provides for a greater recovery. Rana v. Islam, No. 16 CV 3966, 2018 WL 1659667, at *4 (2d Cir. Apr. 6, 2018); Chuchuca v. Creative Customs Cabinets Inc., No. 13 CV 2506 (RLM), 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014).  Here, plaintiff's liquidated damages are greater under the NYLL than the FLSA. See Rana, 2018 WL 1659667.

Plaintiff asserts that defendants' failure to pay overtime compensation was willful.  The employer bears the burden of establishing that "the act or omission giving rise to such action was in good faith." 29 U.S.C. § 260.  As defendants have defaulted and not met their burden, defendants are liable to plaintiff for overtime pay under the NYLL as well as liquidated damages.

Accordingly, plaintiff should be awarded a total of $37,200 in liquidated damages under the NYLL.

### D.  Statutory Damages

Plaintiff alleges that he never received wage notices or wage statements as required under NYLL § 195(1) and NYLL § 195(3). Complaint ¶¶ 52, 55.

"Beginning April 9, 2011, New York's Wage Theft Prevention Act ('WTPA') required employers to provide written wage notices 'at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer.'" Cazarez v. Atl. Farm

10

& Food Inc., No. 15 CV 2666 (CBA) (RML), 2017 WL 3701687, at *5 (E.D.N.Y. May 31, 2017),
adopted by, 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (quoting N.Y. Lab. Law § 195(1-a) (eff.
Apr. 9, 2011 to Feb. 27, 2015)).  At the time of plaintiff's hiring, "[a]n employee who [was] not
provided with this notice when hired [was] entitled to recover 'fifty dollars for each work week
that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred
dollars . . . .'" Zhang v. Red Mountain Noodle House Inc., No. 15 CV 628 (SJ) (RER), 2016 WL
4124304, at *5 (E.D.N.Y. July 5, 2016), adopted by, 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016)
(quoting N.Y. Lab. Law § 198(1-b) (eff. Apr. 9, 2011 to Feb. 27, 2015)).  "After February 27,
2015, employees are entitled to damages of $50.00 per work day, up to $5,000." Reyes v. Art Tek
Design, Ltd., No. 16 CV 5168 (ADS) (AYS), 2018 WL 614980, at *8 (E.D.N.Y. Jan. 11,
2018), adopted by, 2018 WL 611733 (E.D.N.Y. Jan. 29, 2018) (citations omitted).  However, "this
section has not been applied retroactively, so I apply the provision effective as of [p]laintiff's hiring
because it relates specifically to the notice that is required to be provided when an employee begins
work." Ming Hui v. Shorty's Seafood Corp., No. 15 CV 7295 (RJD) (ST), 2017 WL 5054401, at
*10 (E.D.N.Y. Sept. 6, 2017), adopted by, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017).  Here,
plaintiff was never provided a wage notice.  Accordingly, the Court should award plaintiff the
statutory maximum of $2,500.

New York Labor Law § 195(3) provides that "every employer shall . . . furnish each
employee with a statement with every payment of wages."  The wage statement must list
"information about the rate and basis of pay, any allowances and deductions, and the employer's
identity and contact details." Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405, 412
(E.D.N.Y. 2017) (quotations omitted).  From April 9, 2011 to February 25, 2015, if an employer
failed to provide the employee with a wage statement, the employee was entitled to damages of

11

$100 per week that the violation occurred, up to a maximum of $2,500. <u>Zhi Fan Li v. Leung</u>, No. 15 CV 5262 (CBA) (VMS), 2016 WL 5369489, at *21 (E.D.N.Y. June 10, 2016).  After February 27, 2015, when the statute was amended, an employee is entitled to $250 per work day that the violation occurred, up to a maximum of $5,000. <u>See</u> N.Y. Lab. Law § 198(1-d) (amended 2015). As plaintiff did not receive any wage statements after February 27, 2015, the Court applies the amended provision. <u>See</u> <u>Ming Hui</u>, 2017 WL 5054401, at *11.  Accordingly, the Court should award plaintiff $5,000 in statutory damages.[6]

Therefore, I respectfully recommend that plaintiff should be awarded $7,500 in damages for defendants' failure to provide written notice and wage statements in violation of NYLL §§ 195(1) and 195(3).

### E.  Prejudgment Interest

Plaintiff also seeks prejudgment interest. Hyun Declaration ¶ 63.  However, and as recognized by plaintiff, he may not recover both liquidated damages under the FLSA and prejudgment interest for the same employment period, because both awards serve the same compensatory purpose. <u>Yu G. Ke v. Saigon Grill</u>, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008). Conversely, the provisions for liquidated damages and prejudgment interest under New York law "serve fundamentally different purpose[s]." <u>Reilly v. NatWest Mkts. Grp. Inc.</u>, 181 F.3d 253, 265 (2d Cir. 1999). "There is a split in this Circuit as to whether prejudgment interest should be allowed on unpaid wages which are owed under both the FLSA and NYLL." <u>Zhen Ming Chen v. New Fresco Tortillas Taco LLC</u>, No. 15 Civ. 2158 (RA) (AJP), 2015 WL 5710320, at *9 (S.D.N.Y. Sept. 25, 2015), <u>adopted by</u>, 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017) (collecting cases).  Here,

---

[6] Plaintiff's counsel requests a $2,500 award. Hyun Declaration ¶ 60.  The Court should not punish plaintiff for his counsel's mistakes in awarding the proper statutory damages.

plaintiff should only be entitled to prejudgment interest on his damages under the NYLL and not under the FLSA.  Accordingly, plaintiff should be awarded prejudgment interest on $37,200.

Interest is set, according to New York law, at nine percent per annum. N.Y. C.P.L.R. § 5004; see also Santillan v. Henao, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (awarding nine percent prejudgment interest for three years under the NYLL); Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12 CV 4380 (FB) (RML), 2013 WL 6579799, at *6 (E.D.N.Y. December 16, 2013) (same).  Courts have broad discretion to establish the first day on which prejudgment interest shall accrue. Santillan, 822 F. Supp. 2d at 298 (citing Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994)).  Interest may be calculated from "the date [damages were] incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). Here, it is recommended that prejudgment interest should be awarded to plaintiff from May 4, 2015 until judgment is entered. [7]

Interest is determined by multiplying the state law damages by the interest rate (9%) and the number of years that elapsed between the intermediate date and the date the judgment is entered. See Yu Y. Ho v. Sim Enterprises, Inc., No. 11 CV 2855 (PKC), 2014 WL 1998237, at **19-20 (S.D.N.Y. May 14, 2014) (explaining prejudgment interest calculation).  Here, the daily interest rate is $9.17.[8]  Accordingly, plaintiff is entitled to $9,894.43 in prejudgment interest, with interest continuing to accrue through the date of entry of judgment at the rate of nine percent per annum.[9]

---

[7] May 4, 2015 is the midpoint of plaintiff's employment.

[8] The daily interest rate is calculated by multiplying the amount of unpaid wages by the per annum interest rate and dividing by the number of days in a year. $37,200 x .09 = $3,348.  $3,348/ 365 days = $9.17

[9] This sum was calculated by multiplying the number of days between May 4, 2015 and April 17, 2018 times the daily interest.

Although plaintiff fails to request post-judgment interest, "[p]ost-judgment interest is mandatory in any civil case where money damages are recovered." <u>Fermin</u>, 93 F. Supp. 3d at 53 (quoting <u>Duffy v. Oyster Bay Indus., Inc.</u>, No. 10 CV 3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011) <u>adopted by</u>, 2011 WL 2259749 (E.D.N.Y. June 2, 2011); <u>see also</u> <u>Begum v. Ariba Disc., Inc.</u>, No. 12 CV 6620 (DLC), 2015 WL 223780, at *8 (S.D.N.Y. Jan. 16, 2015) (awarding post-judgment interest in a FLSA and NYLL wage-and-hour case). "[I]nterest shall be calculated from the date of the entry of judgment at [the federal] rate equal to the weekly average 1–year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." 28 U.S.C. § 196(a); <u>see</u> <u>Herrera v. Tri-State Kitchen & Bath, Inc.</u>, No. 14 CV 1695 (ARR) (MDG), 2015 WL 1529653, at *13 (E.D.N.Y. Mar. 31, 2015). Accordingly, I recommend that plaintiff be awarded post-judgment interest at the default federal statutory rate "on all sums awarded commencing when the Clerk of the Court enters judgment until the date of payment." <u>Herrera</u>, 2015 WL 1529653, at *13; <u>see</u> <u>Cardoza v. Mango King Farmers Mkt. Corp.</u>, No. 14 CV 3314 (SJ) (RER), 2015 WL 5561033, at *13 (E.D.N.Y. Sept. 1, 2015, <u>adopted by</u>, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015) (collecting cases).

### F. Attorney's Fees and Costs

#### i. Attorney's Fees

The FLSA and the NYLL both allow for an award of "reasonable" attorney's fees. <u>See</u> 29 U.S.C. §216(b); N.Y. Lab. Law § 663(1). "Requests for attorney's fees in this Circuit must be accompanied by contemporaneous time records that show for each attorney, the date, the hours expended, and the nature of the work done." <u>Juarez v. Precision Apparel, Inc.</u>, No. 12 CV 2349 (ARR) (VMS), 2013 WL 5210142, at *13 (E.D.N.Y. Aug. 21, 2013) (adopting Report and Recommendation) (internal quotation omitted).

In the Second Circuit, the amount of attorney's fees awarded to a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984) ("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). In determining the reasonable hourly rate, the Court considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n.3. "The burden is on the party moving for attorneys' fees to justify the hourly rate sought." Ehrlich v. Royal Oak Fin. Servs., Inc., No. 12 CV 3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7, 2012) (citing Hensley, 461 U.S. at 437). "Courts have broad discretion to assess the reasonableness of each component of a fee award." Jaramillo v. Banana King Rest. Corp., No. 12 CV 5649 (NGG)(RML), 2014 WL 2993450, at *8 (E.D.N.Y. June 4, 2014) (adopting Report and Recommendation) (citation omitted).

15

Plaintiff requests $12,688 in attorney's fees. Hyan Declaration ¶ 70; see also ECF No. 10-7. Plaintiff is represented in this action by the Polat Law Group PLLC. Emre Polat, the principal member, and Grace Hyan, an associate, have both worked on plaintiff's behalf in this action. Mr. Polat has been practicing employer-side litigation since 2010 and began representing employees in 2017. Ms. Hyun has been practicing law since 2010. Mr. Polat bills at $400 per hour, while Ms. Hyan bills at $375 per hour.

The prevailing hourly rate for law firm partners in the Eastern District of New York is between $300 and $450. Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 289-99 (E.D.N.Y. 2012). The hourly rates in this district for senior associates are approximately $200 to $325 and $100 to $200 for junior associates. Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (quoting Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc., No. 11 CV 3252 (MKB), 2013 WL 4039370, at *2 (E.D.N.Y. Aug. 7, 2013)). The Court finds the billing rates for Mr. Polat and Ms. Hyun high "for a routine wage and hour case within this district." Gonzalez v. Jane Roe Inc., No. 10 CV 1000 (NGG) ( RML), 2015 WL 4662490, at *6 (E.D.N.Y. July 15, 2015) adopted as modified, 2015 WL 4681151 (E.D.N.Y. Aug. 6, 2015). I therefore respectfully recommend reducing Mr. Polat's hourly rate to $300 and Ms. Hyun's hourly rate to $250.

The Court must also determine whether the hours expended by plaintiff's counsel were reasonable. Cuevas v. Ruby Enters. of N.Y., Inc., No. 10 CV 5257 (JS) (WDW), 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013). "[T]he Court must use its experience with the case, as well as its experience with the practice of law to assess the reasonableness of the hours spent . . . in a given case." E. Sav. Bank, FSB v. Beach, No. 13 CV 0341 (JS) (AKT), 2014 WL 923151, at *14 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks omitted); see also Firststorm Partners 2,

LLC v. Vassel, No. 10 CV 2356 (KAM)(RER), 2012 WL 3536979, at *5 (E.D.N.Y. Aug. 15, 2012) (the court must determine if the hours "have been reasonably expended").  Mr. Polat and Ms. Hyun submit contemporaneous time records for 33.1 hours of work.  Mr. Polat performed 11 hours of work, and Ms. Hyun performed 22.1 hours of work.  The time Mr. Polat and Ms. Hyun expended on this case is reasonable. See e.g., Apolinar v. Global Deli & Grocery, Inc., No. 12 CV 3446 (RJD)(VMS), 2013 WL 5408122, at *16 (E.D.N.Y. Sept. 25, 2013) (approving 44.93 hours as reasonable in FLSA default action).  Therefore, the Court should award plaintiff attorney's fees in the amount of $8,825.

### ii.  Costs

A prevailing plaintiff in an FLSA and NYLL action is also entitled to recover costs. 29 U.S.C. § 216(b); NYLL § 198(4).  Plaintiff seeks $529.25 in costs for "a filing fee of $400.00 and fees associated with serving four defendants with the summons and complaint." Hyun Declaration ¶ 66.  Plaintiff failed to submit proof of his costs.  Nevertheless, the Court takes judicial notice that plaintiff paid the $400 filing fee to commence this action, see ECF No. 1 (listing receipt number 0207-9912994).  Accordingly, I respectfully recommend that plaintiff should be awarded $400 in costs.

### G.  Automatic Increase of Judgment

Plaintiff requests that the judgment provide for an automatic fifteen-percent increase for unpaid judgments. Hyun Declaration ¶ 73.  Pursuant to NYLL §§ 198(4) and 663(4), I respectfully recommend that if any amount of damages awarded under the NYLL remains unpaid upon the expiration of ninety days following the issuance of a judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent. See Gonzalez-Diaz v. Daddyo's Mgmt. Grp. Inc.,

17

No. 16 CV 1907 (ENV) (RML), 2017 WL 7625319, at *4 (E.D.N.Y. Nov. 7, 2017); Romero v. Anjdev Enterprises, Inc., No. 14 Civ. 457 (AT), 2017 WL 548216, at *13 (S.D.N.Y. Feb. 10, 2017), appeal withdrawn sub nom. Romero v. John Doe Corp., No. 17-1274, 2017 WL 5011942 (2d Cir. June 13, 2017).

### H.  Award Summary

In sum, the Court should award plaintiff the following:

| CATEGORY | TOTAL AMOUNT |
| --- | --- |
| Unpaid Overtime | $37,200 |
| NYLL Liquidated Damages | $37,200 |
| Statutory Damages | $7,500 |
| Prejudgment Interest | $9,894.43 |
| Attorney's Fees | $8,825 |
| Costs | $400 |
| **TOTAL** | $101,019.43 |

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for a default judgment should be granted in part and denied in part. A default judgment should be entered against defendants in the total amount of $101,019.43, representing $37,200 in unpaid overtime wages, $37,200 in liquidated damages under the NYLL, $7,500 in statutory damages, $9,894.43 in prejudgment interest, $8,825 in attorney's fees, and $400 in costs.  The Court should award plaintiff post-judgment interest at the default federal statutory rate on all sums awarded when the Clerk of the Court enters judgment until the date of payment.

Plaintiff is hereby ordered to serve a copy of this Report upon defendants at their last known addresses and to file proof of service with the Court forthwith.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections.  See Fed. R. Civ. P. 6.  Such objections shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                           _____/S/_____
                                           LOIS BLOOM
                                           United States Magistrate Judge

Dated: April 17, 2018
       Brooklyn, New York